THADDEUS M. LIETZ,

        Plaintiff,

                                 Case No. 25-cv-1662-pp

    v.

PROCTER & GAMBLE COMPANY,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 9)

On October 28, 2025, the plaintiff—who is incarcerated at Oshkosh Correctional Institution and is representing himself—filed a complaint alleging, among other things, that his former employer wrongfully terminated him in violation of the Americans with Disabilities Act (ADA). Dkt. No. 1. The plaintiff named Procter & Gamble Company and several of its employees as defendants. Id. at 1.

On February 3, 2026, the court screened the complaint and allowed the plaintiff to proceed with a disability discrimination claim against the corporate defendant, Procter & Gamble; the court dismissed the individual employee defendants. Dkt. No. 7. The court ordered the U.S. Marshals Service to serve the summons and complaint on the defendant. Id. at 11.

On February 24, 2026, the plaintiff filed a "motion for reconsideration on initial screening." Dkt. No. 9. The plaintiff argues that the individual employee defendants "could be held liable within their individual as well as official employment capacity" under 42 U.S.C. §1981(a)(1). Id. He contends that a jury

1

may find that his termination was "a ploy to intentionally get rid of [him] from employment so they would not have to further deal with or accommodate [him]." Id. The plaintiff asserts that his case "is [similar] to the situation of the first Navy disabled black scuba diver as [portrayed] in the movie 'Men of Honor' in which a person or persons intentionally [sabotaged] the disabled person's progress." Id. The plaintiff asks the court to "reconsider and re-screen initial complaint allowing individuals to remain liable." Id.

"Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). To demonstrate "manifest error," the party moving for reconsideration must show that the court's decision exhibited a "wholesale disregard, misapplication, or failure to recognize controlling precedent" in its prior ruling. Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997) (quoting In re Aug., 1993 Regular Grand Jury, 845 F. Supp. 1403, 1407 (S.D. Ind. 1994)).

The plaintiff's motion does not demonstrate that the court committed a manifest error of law or fact in its screening order. The plaintiff argues that the court should not have dismissed the individual defendants because they may be held liable for intentional discrimination under 42 U.S.C. §1981(a)(1). There is no "42 U.S.C. §1981(a)(1)." Section 1981(a)—there is no subsection 1— prohibits racial discrimination in the making and enforcement of contracts. The plaintiff's complaint does not allege that the defendant discriminated against him because of his *race*. The complaint alleges that the defendant discriminated against him and terminated him because of his *disability*. Section 1981 does not apply to the plaintiff's case.

2

Perhaps the plaintiff meant to reference 42 U.S.C. §1981a. That statute governs the available damages in cases of intentional discrimination in employment. <u>See</u> 42 U.S.C. §1981a(a)(1), (2) (stating that a party alleging intentional employment discrimination under Title VII and the ADA may recover compensatory and punitive damages). But Section §1981a does not state that individual employees can be held personally liable for damages in employment discrimination cases; it only describes what damages are available if the plaintiff proves that an employer violated the ADA. The Seventh Circuit repeatedly has held that individual employees cannot be held liable under the ADA (or Title VII) because they are not "employers." <u>See</u> <u>EEOC v. AIC Security Investigations, Ltd.</u>, 55 F.3d 1276, 1279–82 (7th Cir. 1995) (ADA); <u>Williams v. Banning</u>, 72 F.3d 552, 555 (7th Cir. 1995) (Title VII). There is no basis for the court to reconsider its order dismissing the individual defendants. The court will deny the plaintiff's motion for reconsideration.

On April 2, 2026, the defendant filed a motion to dismiss the complaint. Dkt. No. 17. The court will address that motion in a separate order.

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 3rd day of April, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3