THADDEUS M. LIETZ,

        Plaintiff,

                                        Case No. 25-cv-1662-pp

    v.

PROCTER & GAMBLE COMPANY,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 17),
DENYING PLAINTIFF'S MOTION FOR LEAVE TO E-FILE (DKT. NO. 22) AND
DISMISSING CASE WITH PREJUDICE**

---

On October 28, 2025, the plaintiff—who was incarcerated at Oshkosh
Correctional Institution[1] at the time and is representing himself—filed a
complaint alleging breach of a union contract, disability discrimination under
the Americans with Disabilities Act (ADA) and common law wrongful
termination. Dkt. No. 1. The court screened the complaint and allowed the
plaintiff to proceed with an ADA claim against his former employer. Dkt. No. 7.
The defendant has filed a motion to dismiss the complaint, arguing that the
plaintiff failed to exhaust his administrative remedies. Dkt. No. 17. The plaintiff

---

[1] The plaintiff was released from Oshkosh on April 7, 2026. See
https://appsdoc.wi.gov/lop/details/detail (for "Lietz, Thaddeus M," DOC
#549396). On June 15, 2026 he filed a notice of change of address in Case No.
24-cv-1594 (E.D. Wis.) stating that he was at the Outagamie County Jail. The
court's staff checked, and as of the date of this order the plaintiff still is at the
jail.

1

opposes the motion, dkt. no. 23, and also has filed a motion for permission to file electronically, dkt. no. 22.

The court will grant the defendant's motion to dismiss and deny the plaintiff's motion to file electronically. Because the plaintiff has not exhausted his administrative remedies and the time to do so has expired, amending the complaint would be futile. The court will dismiss the case with prejudice.

## I.      Allegations in the Complaint

In its screening order, the court recounted the plaintiff's allegations in detail. See Dkt. No. 7 at 3–6. Here the court will describe only the allegations relevant to the plaintiff's remaining ADA claim.

The plaintiff alleges that on November 16, 2023, the defendant wrongfully terminated him from its Green Bay plant because of his disability. Dkt. No. 1 at 1. The plaintiff explains that he is disabled because he has only one arm due to a birth defect. Id. at 4. The plaintiff alleges that he was terminated during a two-week trial period when he was training to be certified on the defendant's case packing machines. Id. at 4–5. The plaintiff asserts that his supervisors failed to properly train him because of his disability. Id. at 5. He says that he tried to study the operating manuals and machine blueprints himself to become proficient in operating the machines, but that the plant manager refused to give him copies of the materials he requested. Id. The plaintiff states that he believes he "was purposely set up for failure" and that the plant manager did not want him to successfully complete the trial period. Id.

2

The plaintiff says that he requested an accommodation for his physical disability to allow him to properly operate the case packing machine, but that the accommodation was not provided. Id. He alleges that machine blueprints, operating manuals and small hand tools all were possible accommodations that would have allowed him to perform his job. Id. at 6–7. The plaintiff alleges that the defendant falsely accused him of printing the wrong date codes on product boxes, using that as pretext to terminate him for his disability. Id. at 7.

## II. Motion to Dismiss

### A. Parties' Arguments

The defendant moves to dismiss the complaint, arguing that the plaintiff has failed to exhaust his administrative remedies. Dkt. No. 18 at 3. According to the defendant, the plaintiff must have filed a charge of discrimination with the EEOC within 300 days after the discriminatory conduct; it argues that if the plaintiff did not file his charge within this period, the statute of limitation bars his claim. Id. (citing Calvin v. Sub-Zero Freezer, Co., 697 F. App'x 874, 875 (7th Cir. 2017); Roney v. Ill. Dep't of Transp., 474 F.3d 455, 460 (7th Cir. 2007)). The defendant asserts that it terminated the plaintiff on November 16, 2023, so the plaintiff needed to file his charge with the EEOC by September 11, 2024. Id. at 4. The defendant argues that because the plaintiff did not file a charge and the September 11, 2024 deadline has long since passed, the court must dismiss the case with prejudice. Id. at 4–5.

The plaintiff responds that although he did not exhaust his administrative remedies, there are three exceptions to this requirement that

3

should allow his case to proceed. Dkt. No. 23 at 1. He argues first that he is exempt from the exhaustion requirement "if there is adverse employment action." Id. He argues that the defendant terminated him without allowing him to complete his trial period and made up a reason to terminate him to avoid accommodating his disability. Id. at 1–2. The plaintiff asserts that the court should allow the case to proceed because it is "inconceivably egregious" and "a miscarriage of justice" to allow the defendant to avoid liability for its discriminatory acts. Id. at 2.

The plaintiff next argues that equitable tolling or estoppel should apply. Id. He asserts that he was incarcerated until recently, so the court should give him an extra ninety days to file a charge with the EEOC. Id.

Finally, the plaintiff argues that there is a "precedent exception under 'Fundamental Fairness' doctrine." Id. at 3. The plaintiff says that he should not be blamed for failing to file a charge of discrimination because he wasn't aware of the requirement and the defendant did not inform him of it. Id. He contends that "tolling should start" when an employee learns about the exhaustion requirement. Id.

The defendant replies that none of the plaintiff's alleged exceptions are grounds to excuse the exhaustion requirement. Dkt. No. 24 at 2. The defendant argues that equitable tolling or estoppel applies in only three, narrow circumstances, none of which come into play here. Id. (citing Porter v. New Age Servs. Corp., 463 F. App'x 582, 584 (7th Cir. 2012)). It argues that employers are not required to inform employees about the exhaustion requirement and

4

that the plaintiff's lack of knowledge is not grounds for tolling. <u>Id.</u> at 3. The defendant contends that an adverse employment action is an element of the plaintiff's disability discrimination claim, not a basis for tolling. <u>Id.</u> It contends that the plaintiff has not cited any authority holding that "fundamental fairness" excuses the plaintiff from the exhaustion requirement. <u>Id.</u> The defendant asserts that the plaintiff was able to file a lawsuit while incarcerated, so he could have timely filed an EEOC charge under the same circumstances. <u>Id.</u> at 3–4. The defendant maintains that granting the plaintiff permission to file a charge now would be futile, because the 300-day filing period has expired. <u>Id.</u> at 4.

  B. <u>Legal Standard</u>

  Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." <u>Gunn v. Cont'l Cas. Co.</u>, 968 F.3d 802, 806 (7th Cir. 2020) (quoting <u>Runnion <i>ex rel.</i> Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.</u>, 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes

5

"all of the factual allegations in the complaint as true," id., and draws all reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).

C.      Analysis

The plaintiff's claim is barred because he did not timely file a charge of discrimination. Before bringing a Title VII claim, a plaintiff first must exhaust his administrative remedies by filing charges with the EEOC and receiving a right-to-sue letter. Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992). "This requirement has two purposes: first, it allows the EEOC and the employer an opportunity to settle the matter, and second, it ensures that the employer has adequate notice of the conduct the employee is challenging." Chaidez v. Ford Motor Co., 937 F.3d 998, 1004 (7th Cir. 2019) (citing Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009)). "When a plaintiff fails to exhaust administrative remedies, [his] complaint must be dismissed without prejudice." McHale v. McDonough, 41 F.4th 866, 872 (7th Cir. 2022) (citing Teal, 559 F.3d at 693).

The plaintiff admits that he did not file a charge with the EEOC, but he argues that the court should toll this requirement and allow him to file a charge within ninety days. The Seventh Circuit has explained that

> [i]n discrimination cases equitable tolling extends filing deadlines in only three circumstances: when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that [he] has a claim . . . when a plaintiff makes a good-faith error such as timely filing in the wrong court . . . or when the defendant prevents a plaintiff from filing within the statutory period[.]

6

Porter v. New Age Servs. Corp., 463 F. App'x 582, 584 (7th Cir. 2012) (citing

Jones v. Res–Care, Inc., 613 F.3d 665, 670 (7th Cir. 2010); Hentosh v. Herman

M. Finch Univ. of Health Sci./The Chicago Med. Sch., 167 F.3d 1170, 1175

(7th Cir. 1999); Threadgill v. Moore U.S.A., Inc., 269 F.3d 848, 850 (7th Cir.

2001)). The plaintiff has not demonstrated that any of these limited

circumstances apply. The plaintiff did not timely file in the wrong court (this is

the correct forum), nor does he allege that within the 300-day filing period, he

had no ability to discover that he had a claim. At most, the plaintiff argues that

the defendant prevented him from filing a timely charge because the defendant

did not tell him that he had an obligation to do so. But the plaintiff cites no

authority showing that employers have a duty to tell employees about the

administrative exhaustion requirement. The plaintiff has not established

grounds for equitable tolling.

Equitable tolling is not available to the plaintiff for another reason: he

has not filed a charge of discrimination at all. Equitable tolling is a doctrine

that "allows a court to hear a case on the merits when administrative remedies

were not exhausted *in a timely fashion.*" Douglas v. Potter, 268 F. App'x 468,

471 (7th Cir. 2008) (citing Ester v. Principi, 250 F.3d 1068, 1071 (7th Cir.

2001); Hentosh, 167 F.3d at 1175) (emphasis in original). "[E]quitable tolling is

not a basis for excusing a failure to exhaust administrative remedies

altogether." Id. at 471–72 (citations omitted); see also O'Rourke v. Continental

Casualty Co., 983 F.2d 94, 97 (7th Cir. 1993) ("Equitable tolling enlarges the

time within which to proceed but does not justify omitting steps such as the

7

administrative charge that Congress has made essential."). The plaintiff admits he *never* filed an administrative charge, so equitable tolling cannot save his claim.

Neither of the plaintiff's other arguments are persuasive. He argues that the exhaustion requirement should be excused because the defendant took an adverse action against him. But every plaintiff in an employment discrimination suit alleges that their employer took an adverse action against them; adverse employment actions are the very bases for ADA claims. If the court created an exception to the exhaustion requirement based on a plaintiff's allegation that he suffered an adverse action, the exception would swallow the exhaustion rule.

The plaintiff also argues that he could not file a charge of discrimination because he was incarcerated. The defendant terminated the plaintiff on November 16, 2023, which means that he had until September 11, 2024 to file his EEOC charge. See Calvin, 697 F. App'x at 875 ("In Wisconsin, a plaintiff has 300 days from the alleged discriminatory act to file a complaint with the EEOC or the state Equal Rights Division."). According to records from the Wisconsin Department of Corrections, the plaintiff was returned to custody from extended supervision on August 22, 2024. That means the plaintiff was incarcerated for only twenty days out of the 300-day filing period. The plaintiff does not explain how his incarceration for twenty days at the end of the filing period prevented him from filing his charge. The plaintiff filed four federal court cases (including this one) during his incarceration, see Lietz v. Cromwell *et al.*,

Case No. 24-cv-1594 (filed December 10, 2024); <u>Lietz v. Chrysler Capital Co.</u>,
Case No. 25-cv-1977 (filed December 16, 2025); <u>Lietz v. Cahak *et al.*</u>, Case No.
26-cv-256 (filed February 17, 2026), suggesting that he would have been
capable of filing an administrative agency charge during his incarceration. In
any event, the plaintiff has not cited any authority holding that incarceration
can excuse an employment discrimination plaintiff from the exhaustion
requirement.

Typically, "[w]hen a plaintiff fails to exhaust administrative remedies,
[his] complaint must be dismissed *without* prejudice." <u>McHale v. McDonough</u>,
41 F.4th 866, 872 (7th Cir. 2022) (citing <u>Teal</u>, 559 F.3d at 693) (emphasis
added). But if the time to exhaust already has expired, dismissal without
prejudice would be futile. <u>Berg v. Allied Universal Sec. Servs.</u>, Case No. 24-cv-
1311, 2025 WL 1024330, at *2 (E.D. Wis. Mar. 7, 2025) (dismissing case with
prejudice when the plaintiff had "no means to exhaust her administrative
remedies"), <u>aff'd</u>, No. 25-1582, 2026 WL 37424 (7th Cir. Jan. 6, 2026);
<u>Hickman v. McMillon</u>, Case No. 21-cv-02407, 2022 WL 2316230, at *4 (N.D. Ill.
June 28, 2022) (dismissing case with prejudice when "a fresh EEOC filing
would be untimely and subject to dismissal if raised in this Court"); <u>Hickman v.
Target Corp.</u>, No. 20 C 6987, 2021 WL 5712185, at *4 (N.D. Ill. Dec. 2, 2021)
(when the 300-day filing period has expired, "a dismissal without prejudice
would only delay the inevitable"). The court will dismiss the plaintiff's case *with*
prejudice because any attempt to exhaust his remedies now would be futile.

### III. Motion for Leave to E-File

On April 27, 2026, the court received from the plaintiff a document titled "Notice of Residence And/or Mailing Address" and "Motion for Electronic E-File Access." Dkt. No. 22. The plaintiff states that he is requesting "electronic e-File Access to make it easier for all parties to communicate." Id. The plaintiff explains that he does not have a permanent residence and that communicating with other parties and the court by mail could cause delays. Id. He asks the court to grant him leave to e-file to avoid any delays. Id.

General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of this court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. See https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures. This court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. The plaintiff's motion identified no extraordinary circumstances, particularly given that the court is granting the defendant's motion to dismiss. The court will deny the motion.

### IV. Conclusion

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 17.

The court **DENIES** the plaintiff's motion for electronic filing access. Dkt. No. 22.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**.

The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

11